IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:20-CR-204-13-NR |
| | ) |
| DAVON LOVEINGS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Davon Loveings has filed a *pro se* motion for compassionate release. Even assuming for purposes of this order only that Mr. Loveings has exhausted his remedies,[1] the Court must nonetheless deny the motion for at least two reasons.

First, Mr. Loveings hasn't established "extraordinary and compelling reasons," as he points only to "the harsh and more punitive conditions" created by the COVID-19 pandemic to justify early release, ECF 1215, p. 4, and not to specific circumstances in his own medical history that would suggest that he is at a heightened risk for complications from COVID-19. *Cf. United States v. Bednarski*, 2022 WL 80080, at *4 (W.D. Pa. Jan. 7, 2022) (Baxter, J.) (denying a defendant's compassionate release motion due to his failure to supply sufficient medical records to support his allegations); *United States v. Somerville*, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020) (Ranjan, J.). To the extent he does make that argument, Mr. Loveings's medical records show that he refused the COVID-19 vaccine without any justification, undercutting any risks from contracting COVID-19 as being extraordinary and compelling. *United States v. Pryor*, 2023 WL 1793963, at * 2 (3d Cir. Feb. 7, 2023).

---

[1] It is not clear Mr. Loveings has in fact exhausted his remedies. The prison at which he is incarcerated reported it does not have any record of a request from Mr. Loveings for compassionate release. ECF 1225-1.

- 1 -

Moreover, the Court has doubts that extraordinary and compelling reasons could ever be established where, as here, the sentence was a product of a Rule 11(c)(1)(C) plea agreement entered into by a Defendant who was in pre-trial detention during the midst of the COVID-19 pandemic. That is, Mr. Loveings was aware of the risks of COVID-19 in a detention setting when he agreed to his stipulated sentence. It would undermine the guarantees of the parties, as approved by the Court, for a Defendant to enter into stipulated sentence under these circumstances, and months later cite those very same circumstances to renege on the deal.

Second, the Court is obligated to ensure that any sentence reduction is consistent with 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A), (2). A sentencing reduction at this juncture does not align with the Section 3553 factors.

The Court sentenced Mr. Loveings to 72 months of imprisonment in April 2022 for serious drug-trafficking and illegal firearms possession crimes pursuant to a binding Rule 11(c)(1)(C) plea agreement. ECF 903. He admits to having served just over half of his sentence. Releasing him now—virtually cutting his sentence in half—would undermine the purposes of sentencing, including without limitation, the seriousness of the offense, the need for deterrence, protection of the public, and the creation of sentencing disparities, as well as all of the factors outlined by Congress at Section 3553.

For all of these reasons, Mr. Loveings's motion is **DENIED**. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).

Date: October 3, 2023

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge