IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:20-CR-204-13-NR |
| | ) |
| DAVON LOVEINGS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

A grand jury indicted Defendant Davon Loveings with four counts for his participation in a drug trafficking conspiracy.[1] ECF 3. Pursuant to a binding Rule 11(c)(1)(C) plea agreement, the Court sentenced Mr. Loveings to 72 months of imprisonment in April 2022 for a lesser-included offense at Count One of the indictment (conspiracy to possess with intent to distribute) and for Count Six of the indictment (possession with intent to distribute fentanyl). ECF 903.

Mr. Loveings now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[2] ECF 1274. He argues that the Court should reduce his 72-month sentence to "not less than 37 months nor more than 46 months, but in no event less than time served as of

---

[1] Mr. Loveings was charged with conspiracy to possess with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846 at Count One, possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) at Count Six, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) at Count Seven, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) at Count Eight. ECF 3.

[2] Amendment 821 amends U.S.S.G. § 4A1.1 by eliminating status points for defendants who commit the instant offense while under a criminal justice sentence but have six or fewer criminal history points.

February 1, 2024[,]" in which case he will have fully served his entire sentence.[3] *Id.* at ¶¶ 4-5. After careful consideration, the Court denies his motion.

A motion for reduction of sentence based on Amendment 821 follows a two-step process. *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, "the Court must determine the defendant's eligibility for a sentence modification and the extent of the reduction authorized." *Winfield,* 2024 WL 3993268, at *1 (cleaned up). The Court agrees with the parties that Amendment 821 applies to Mr. Loveings's Guidelines calculation because he had six criminal history points.[4] ECF 1275, p. 3. Mr. Loveings waived his right to a pre-sentence report and the parties stipulated as to the appropriate Guidelines range before sentencing. But, as is clear from the stipulation and the subsequent supplemental BOP report that was filed, Mr. Loveings's criminal history score was calculated, in part, by adding two status points under U.S.S.G. § 4A1.1 because he committed the instant offenses while under a criminal justice sentence. ECF 995, p. 14. Because Amendment 821 reduces Mr. Loveings's status points from two to zero, his total criminal history score is reduced from eight to six. As a result, his criminal history category is reduced from IV to III, and because his total offense level is 19, his Guidelines range is reduced from 46 to 57 months of incarceration to 37 to 46 months of incarceration.

It's at step two where Mr. Loveings falters. At step two, "the Court must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted

---

[3] Mr. Loveings's projected release date is October 16, 2024. ECF 1274, ¶ 1.

[4] Relief under § 3582(c)(2) for a retroactive change in the Guidelines is available to Mr. Loveings even though the plea agreement is a Rule 11(c)(1)(C) plea agreement. *United States v. Jeffries*, No. 2:20-CR-204-10, 2024 WL 2059352, at *1 n.2 (W.D. Pa. May 7, 2024) (Ranjan, J.) (noting that even though the plea was a Rule 11(c)(1)(C) plea agreement, "the Court can entertain [defendant's] motion if his Guidelines range was a relevant part of the analytic framework the Court used to determine the sentence or to approve the agreement") (cleaned up).

in whole or in part under the particular circumstances of the case." *Winfield*, 2024 WL 3993268, at *2 (cleaned up). Mr. Loveings argues that a reduction of his 72-month sentence is consistent with the Section 3553(a) factors, pointing to his positive post-sentencing conduct. ECF 1274, ¶ 11. The Court disagrees and finds that a reduced sentence would be inconsistent with the Section 3553(a) factors.

A reduction is inappropriate because, at sentencing, Mr. Loveings already received a substantial benefit from his Rule 11(c)(1)(C) plea agreement. *Hughes v. United States*, 584 U.S. 675, 689 (2018) (courts can consider "the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate"); *United States v. Rosa-Robles*, No. 2:19-CR-380, 2024 WL 449389, at *3 (W.D. Pa. Feb. 6, 2024) (Ranjan, J.) (finding that a reduced sentence goes against the Section 3553(a) factors because defendant "received a substantial benefit via his Rule 11(c)(1)(C) plea agreement that a reduced sentence would undermine"). Indeed, at sentencing, the Court initially expressed concerns that the 72-month sentence was too lenient in light of the charges brought in the indictment. ECF 1066, 3:19-22. In response, Mr. Loveings assured the Court that the plea agreement was the result of extensive negotiations with the government and argued that the stipulated sentence adequately reflected certain litigation risks. *Id*. at 8:12-17. After considering the careful negotiations between the parties, the seriousness of the offense, and the litigation risks of the parties in proceeding to trial, the Court accepted the plea agreement and concluded that the stipulated 72-month sentence was appropriate under the Section 3553(a) factors. *Id*. at 46:15-22.

Additionally, by entering the plea agreement, Mr. Loveings made several beneficial tradeoffs. For example, he avoided the 18 U.S.C. § 924(c)(1)(A)(i) charge at Count Eight of the indictment. ECF 18. This was significant because Count Eight would have carried a consecutive minimum mandatory sentence of at least 5 years.

*Id.*; ECF 897. And he also was able to plead to a lower drug weight at Count One, which allowed him to get around the 20-year mandatory minimum for Count One.

The Court accepted the stipulated 72-month sentence based on the parties' extensive negotiations, the tradeoffs that were made, and the fact that the government chose not to pursue certain of the original charges against Mr. Loveings in the indictment. It would, therefore, "frustrate the object of the parties' agreement, the Court's acceptance of the plea, and the purposes of sentencing" to reduce Mr. Loveings's sentence at this point. *Rosa-Robles*, 2024 WL 449389, at *3 (finding that defendant's Rule 11(c)(1)(C) plea agreement "created an expectation that he would serve the time of his stipulated sentence instead of the mandatory minimum [sentence]" that he would've been exposed to).

For these reasons, Mr. Loveings's 72-month sentence remains sufficient, but not greater than necessary, to meet the goals of sentencing.

Mr. Loveings's motion is therefore **DENIED**.

Date: September 25, 2024        BY THE COURT:

                               /s/ *J. Nicholas Ranjan*
                               United States District Judge